**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| CARMAX, INC. *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )       Civil Action 3:16-cv-00611-MHL |
| | ) |
| MONTGOMERY BLAIR SIBLEY, | ) |
| | ) |
|     Defendant. | ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT**
**OF SECOND MOTION TO REMAND**

Pursuant to 28 U.S.C. § 1447(c), Plaintiffs CarMax, Inc. and CarMax Auto Superstores, Inc. ("Plaintiffs"), by counsel, submit this memorandum in support of their Second Motion to Remand this case to the Circuit Court of the County of Goochland, Virginia ("Goochland Circuit Court") based on a lack of subject-matter jurisdiction.

**INTRODUCTION**

Defendant Montgomery Blair Sibley ("Sibley") improperly removed this state-law defamation lawsuit to federal court.  After Plaintiffs filed their Motion to Remand, (Dkt. No. 4), Sibley filed an Amended Notice of Removal, (Dkt. No. 13), to add boilerplate allegations of every possible federal jurisdictional basis in the apparent hopes that one would stick.  Plaintiffs file this Second Motion to Remand to address Sibley's new claims and demonstrate the frivolousness of each.  For the reasons explained below, this Court should remand this matter to Goochland Circuit Court as all of Sibley's jurisdictional bases are wholly devoid of merit.

In addition, Sibley's removal tactics are patent gamesmanship.  Indeed, Mr. Sibley is a disbarred lawyer who lost his law license because of his vexatious litigation tactics.  Not only

should Mr. Sibley have known better as a former lawyer, it is manifest that he is acting in bad faith.  Indeed, this Court has already recognized Sibley's failure to follow federal and local rules and applicable procedure and admonished Sibley that failure to further comply will result in appropriate consequences, including sanctions.  (Dkt. No. 14 at 4.)  This Court should award CarMax its costs and attorneys' fees incurred as a result of Mr. Sibley's improper removal.

**FACTUAL BACKGROUND**

Plaintiffs filed their Complaint for Injunction and Other Relief ("Complaint") in the Goochland Circuit Court, Case No. CL16000387-00, on June 28, 2016.  A hearing was set by Goochland Circuit Court for July 12, 2016 to hear CarMax's Motion for Preliminary Injunction.

The allegations in the Complaint stem from Sibley's defamatory statements regarding Plaintiffs' business.  Sibley first demanded that Plaintiffs pay him $250,000 in return for, among other things, his agreement to a "confidentiality agreement."  (*See* Compl. Ex. A.)  After Plaintiffs refused to pay Sibley the money he demanded, he began a campaign using threats and defamatory statements to apply pressure to Plaintiffs to accede to his extortionate demand for money.  Specifically, Sibley issued a false press release claiming that CarMax pays "kick-backs" in connection with the financing of some vehicle purchases from CarMax.  (*See* Compl. Ex. B.)[1] Plaintiffs seek preliminary and final injunctive relief enjoining Sibley from publishing specified false and defamatory statements regarding CarMax, as well as compensatory and punitive damages in an amount to be proven at trial.

---

[1] Sibley's false press release regarding CarMax continues to be available to the public online. *See The KMX Collective files Unfair Trade Complaints against CarMax with the Consumer Financial Protection Bureau and 37 State Attorney Generals*, ICROWDNEWSWIRE, http://icrowdnewswire.com/2016/06/13/kmx-collective-files-unfair-trade-complaints-carmax-consumer-financial-protection-bureau-37-state-attorney-generals/ (June 13, 2016).  Sibley's dilatory actions in this matter have permitted him to continue his misconduct and cause further harm to CarMax.

On July 11, 2016 – the day before the scheduled hearing – Sibley filed a Notice of Removal in the District Court for the Eastern District of Virginia, Alexandria Division.  (Dkt. No. 1).   The Alexandria federal court recognized the impropriety of the removal to the Alexandria Division and *sua sponte* ordered that the case be transferred to the Richmond Division.  (Dkt. No. 3); *see also* Loc. Civ. R. 3(B)(4) (Goochland falls within the territory and jurisdiction of the Richmond Division).  Before the case was formally transferred to Richmond, Plaintiffs filed a Motion to Remand, and, in accordance with Alexandria required practices, a Notice of Hearing.  (Dkt. Nos. 4, 5, 6.)

Sibley subsequently filed an Amended Notice of Removal, which contains identical allegations of diversity jurisdiction as alleged in his original Notice of Removal and adds claims of federal and supplemental jurisdiction.  (Dkt. No. 13.)  In addition to his Amended Notice of Removal, Sibley also filed a Motion to Transfer this matter to the District Court for the District of Maryland, (Dkt. No. 10), a Motion to Enlarge Time to Respond to Plaintiffs' original Motion to Remand, (Dkt. No. 11), and a "First Notice of Vacation," which requested that the Court delay any deadlines and/or hearings until Sibley returns from vacation, (Dkt. No. 12).[2]  Each of Sibley's frivolous pleadings has the effect of further delaying a ruling on Plaintiffs' motion for injunctive relief, and ultimately causing more harm to Plaintiffs.  Plaintiffs now again seek remand of this matter to the Goochland Circuit Court as Sibley's Amended Notice of Removal still fails to establish federal jurisdiction.

---

[2] Based on Sibley's Amended Notice of Removal, the Court subsequently denied as moot Plaintiffs' Motion to Remand and Sibley's Motion to Enlarge Time.  (*See* Dkt. No. 14.)  The Court additionally denied Sibley's Motion to Transfer, holding that "[t]he Court will not consider arguments regarding venue until after it addresses any filings pertaining to its subject matter jurisdiction, *i.e.*, a motion to remand in response to the Amended Notice of Removal."  (Dkt. No. 14 at 4.)

3

## ARGUMENT

### A. This matter should be remanded under well-established federal pleading standards.

A district court must remand a removed case to state court if it determines that it lacks subject-matter jurisdiction over the matter. *See* 28 U.S.C. § 1447(c); *Pinney v. Nokia, Inc.*, 402 F.3d 430, 441 (4th Cir. 2005). Federal courts apply a presumption against removal, and the party seeking removal bears the burden of establishing that it has invoked federal jurisdiction properly. *See Maxient, LLC v. Symplicity Corp.*, 63 F. Supp. 3d 592, 595 (E.D. Va. 2014). Because removal jurisdiction raises significant federalism concerns, any doubt as to the district court's jurisdiction should be resolved in favor of remanding the case to state court. *Lee v. Citimortgage, Inc.*, 739 F. Supp. 2d 940, 942 (E.D. Va. 2010) (citations and internal quotation marks omitted); *see also Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 425 (4th Cir. 1999). When these standards are applied to the present matter, it is clear that this case should be remanded.

### B. Sibley failed to establish the requisite amount in controversy, and thus this Court lacks subject matter jurisdiction.

Federal courts have subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy exclusive of interest and costs exceeds $75,000 and there exists complete diversity between all plaintiffs and all defendants. 28 U.S.C. § 1332. Sibley alleges in conclusory terms diversity jurisdiction exists in this case pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and, purportedly, because "the matter in controversy exceeds the sum or value of $75,000." (Am. Notice of Removal at ¶ 3.)

The Complaint here alleges no specific amount in controversy to satisfy diversity jurisdiction. Plaintiffs only request preliminary and final injunctive relief to prevent Sibley from continuing to defame Plaintiffs, and compensatory and punitive damages to be determined at

trial.  (*See* Compl. at 8.)   Sibley thus bears the burden to prove the existence of diversity

jurisdiction by a preponderance of the evidence.  *See Citimortgage, Inc.*, 739 F. Supp. 2d at 945

(stating that if the complaint does not specify damages, a defendant must prove by a

preponderance of the evidence that the amount in controversy exceeds the jurisdictional

minimum).

Sibley's initial Notice of Removal plead no evidence whatsoever with regard to the

amount in controversy.   Instead, the Notice merely stated that "it is clear that the matter in

controversy exceeds the sum or value of $75,000."  (*See* Notice of Removal at ¶ 3.)   Sibley's

Amended Notice of Removal contains the exact same conclusory allegation.  (*See* Am. Notice of

Removal at ¶ 3.)   Sibley has not even attempted to add facts to support his claim of diversity

jurisdiction.   But removal cannot be based upon speculation and bare allegations that the amount

in controversy is satisfied.  *Delong v. Bank of Am., N.A.*, No. 5:13CV158, 2014 U.S. Dist. LEXIS

5872, at *6 (N.D. W. Va. Jan. 16, 2014) (citations and internal quotation marks omitted);

*Citimortgage, Inc.*, 739 F. Supp. 2d at 945 ("Mere allegations in the notice of removal are

insufficient.").   To the contrary, "[t]he defendant must establish the amount in controversy with

competent proof."  *Citimortgage, Inc.*, 739 F. Supp. 2d at 945 (citations and internal quotation

marks omitted).

It is incumbent on Sibley to present actual evidence on the amount in controversy in his

Amended Notice of Removal – if not by reference to Plaintiffs' Complaint, then by some

independent showing.  *See Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013)

(citation and internal quotation marks omitted) ("The removability of a case depends upon the

state of the pleadings and the record at the time of the application for removal . . . ."); 28 U.S.C.

§ 1446(c)(3)(a).  But Sibley has done neither.  The Complaint does not claim a sum in excess of

$75,000, and Sibley did not, for example, offer evidence of any settlement demands or responses to interrogatories that would establish the requisite amount in controversy. *See Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 541-42 (7th Cir. 2006); *Karnes v. Outback Steakhouse of Fla.,* LLC, No. 1:15-13441, 2016 U.S. Dist. LEXIS 86524, at \*7–8 (S.D. W. Va. July 5, 2016). The requested injunctive relief "is [also] noneconomic in character, and the Court cannot evaluate its worth to Plaintiff[s] – at least not at the pleading stage." *See Brennan v. Stevenson*, No. JKB-15-2931, 2015 U.S. Dist. LEXIS 158848, at \*14 (D. Md. Nov. 24, 2015).

In sum, after two attempts to establish diversity jurisdiction, Sibley simply has defaulted on his obligations to provide proof, making remand to the Goochland Circuit Court the only appropriate course of action. *See Brennan*, 2015 U.S. Dist. LEXIS 158848, at \*16–17 ("The amount in controversy requirement is not a procedural nicety; it is a jurisdictional constraint."); *Williams v. Anderson*, No. 3:12CV574, 2012 U.S. Dist. LEXIS 167396, at \*12 (E.D. Va. Nov. 26, 2012) (citing 28 U.S.C. § 1447(c)) ("If at any time before final judgment it appears the district court lacks subject matter jurisdiction, the court must remand the case.").

**C. No federal question exists on the face of the Complaint to support removal of this matter.[3]**

Pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." It is firmly established that the "well-pleaded complaint rule" governs the Court's analysis of federal question jurisdiction. *Fannie Mae v. Young*, No. 2:12-cv-471-MSD-FBS, 2013 U.S. Dist. LEXIS 143327, at \*7 (E.D. Va. Aug. 12, 2013). "Under the well-pleaded complaint rule, federal

---

[3] Sibley's Amended Notice of Removal twice identifies 28 U.S.C. § 1332 as the basis for the Court's subject matter jurisdiction. (Am. Notice of Removal at ¶¶ 3, 4.) Construing Sibley's pleading liberally, it appears that this was a typographical error and Sibley intended to refer to 28 U.S.C. § 1331. Following the direction of this Court, Plaintiffs will analyze Sibley's allegations under the applicable section 1331 standards. (*See* Dkt. No. 14 at 3 n. 5.)

question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. (citations and internal quotation marks omitted).

Here, Plaintiffs' sole claim against Sibley is for defamation under Virginia law. That claim does not arise under federal law. *See Breckenridge v. Albemarle Cnty. Police Dep't*, No. 7:07-cv-00326, 2007 U.S. Dist. LEXIS 49689, at *5 (W.D. Va. July 10, 2007) ("[D]efamation, libel, and slander are tort claims traditionally governed by state law.") (citations omitted). "When state law creates the cause of action, federal question jurisdiction will lie only if it appears from the [complaint] that the right to relief depends upon the construction or application of [federal law.]" *Fannie Mae*, 2013 U.S. Dist. LEXIS 143327 at *14. Plaintiffs' claim requires no such construction or application of federal law. As a result, this Court lacks federal question jurisdiction under 28 U.S.C. § 1331. *Id*. at *14–15.

Sibley's argument that the injunctive relief sought by Plaintiffs somehow amounts to a violation of Sibley's First Amendment rights also does not support federal question jurisdiction. (*See* Am. Notice of Removal at ¶ 4.) As this Court has previously recognized, "'actions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question.'" *Fannie Mae*, 2013 U.S. Dist. LEXIS 143327, at *13 (quoting *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006)). In other words, "when determining whether a claim arises under federal law, the Court must examine 'allegations of the complaint and ignore potential defenses.'" *Id*. *13–14 (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)). Therefore, the Court should focus only on Plaintiffs' state law claim for defamation, and ignore Sibley's purported First Amendment defense.

**D. Sibley's claims of supplemental jurisdiction should be flatly rejected.**

Sibley "flatly alleges" that the Court "also has Supplemental, Pendent and Ancillary Jurisdiction." (Dkt. No. 14 at 3); (Am. Notice of Removal at ¶ 5).[4]  Supplemental jurisdiction can be exercised over the state-law aspects of a plaintiff's claims if such claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  Plaintiffs' Complaint here however contains a *single* claim for defamation under Virginia law.  "Because there is no underlying federal claim to which this state-law claim relates and no basis for this Court's exercise of diversity jurisdiction apparent from the record, exercise of supplemental jurisdiction under § 1367 in support of removal would be improper."  *Fannie Mae*, 2013 U.S. Dist. LEXIS 143327, at *17; *see also Whitaker v. Evans*, No. 2:06cv583, 2007 U.S. Dist. LEXIS 6903, at *10 (E.D. Va. Jan. 30, 2007) ("[T]his court lacks subject matter jurisdiction over the plaintiffs' state tort law claims, as there are no federal claims to form a basis for supplemental jurisdiction under 28 U.S.C. § 1367(a).").  In sum, Sibley's allegation of supplemental jurisdiction when Plaintiffs' Complaint contains a single state-law claim illustrates the frivolousness of Sibley's Amended Notice of Removal.

**E.  Sibley's argument regarding the mandatory retention doctrine is patently frivolous.**

In his last ditch attempt to satisfy federal jurisdictional standards, Sibley contends that this Court must retain the removed action pursuant to the "mandatory retention doctrine."  (Am.

---

[4] Supplemental jurisdiction, pendent jurisdiction and ancillary jurisdiction are all related theories that require a federal anchor claim.  *See ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012) ("With 28 U.S.C. § 1367, Congress largely codified the doctrine of pendent jurisdiction (and the related doctrine of ancillary jurisdiction) as supplemental jurisdiction."); *Robb Evans & Assocs. LLC v. Holibaugh*, 609 F.3d 359, 363 (4th Cir. 2010) ("§ 1367 governs ancillary jurisdiction over claims asserted in a case over which the district court has federal subject matter jurisdiction"); *Hunter by Conyer v. Estate of Beacher*, 905 F. Supp. 341, 343 n.2 (E.D. Va. 1995) ("'Supplemental jurisdiction,' as codified in Section 1367, is the merger of the caselaw doctrines of pendent and ancillary jurisdiction.")

8

Notice of Removal at ¶ 6.)   That doctrine provides that "[o]nce a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006).[5]

The *Williams* decision helps to illustrate this doctrine.  In that case, the plaintiff sued the defendant in state court alleging violations of both federal and state law.  *Id*. at 976.  The defendant subsequently removed the case to the district court, relying only on federal question jurisdiction.  *Id*.  After removal, the plaintiff amended his complaint to eliminate the only federal claim and to add new state law claims.  *Id*.  The plaintiff then filed a motion to remand, which was granted by the district court.  *Id*.  The Ninth Circuit however held that "the amended complaint presented an independent jurisdictional basis for the state law claims, namely diversity."  *Id*. at 977.  The Court went on to hold that "[a]ny post-removal pleadings must be treated just as they would be in a case originally filed in federal court."  *Id*.  The Ninth Circuit ultimately held that the remand was inappropriate because the district court had diversity jurisdiction – even though the defendant had not asserted diversity in its notice of removal.  *See Id*.

The mandatory retention doctrine is wholly irrelevant to the instant matter.  As *Williams* stated, the matter must first be *properly* removed.  *See Williams*, 471 F.3d at 977.  Secondly, the doctrine requires an independent jurisdictional basis – whether in the notice of removal or post-removal filed complaint – to support federal court jurisdiction.  *Id*.  Sibley did not (and cannot)

---

[5] As an initial matter, only two circuits have recognized the existence of the mandatory retention doctrine.  *See Williams*, 471 F.3d at 977; *Buchner v. FDIC*, 981 F.2d 816, 821 (5th Cir. 1993).  The Fourth Circuit has expressly questioned the doctrine.  *Wood v. Crane Co.*, 764 F.3d 316, 326 (4th Cir. 2014) ("The Ninth Circuit's approach, which mirrors that of the Fifth Circuit, has been criticized as contrary to well-settled practice.").

satisfy these requirements.  This is a pure state law matter that should have remained in the state court.  Like Sibley's claim of supplemental jurisdiction, his attempted application of the mandatory retention doctrine should be rejected by this Court.

### F.  Fees and costs should be awarded to Plaintiffs.

A court may enter an order remanding the case that "require[s] payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "[C]ourts often require payment of attorneys' fees and costs from *pro se* defendants who effect removal with improper motivations."  *Fannie Mae*, 2013 U.S. Dist. LEXIS 143327, at *18–19.

Sibley removed this matter the day before a state court hearing, to the wrong court, with deficient allegations.  As demonstrated above, Sibley had no legitimate basis to originally remove this matter based on diversity jurisdiction.  Sibley relied on plainly insufficient legal conclusions in filing his Notice of Removal.  His Amended Notice of Removal fares no better, and illustrates the frivolousness of Sibley's claims.  As discussed above, all three of Sibley's new allegations in support of federal jurisdiction – federal question, supplemental, and the mandatory retention doctrine – are patently frivolous.

Sibley's improper removal to Alexandria federal court and continued dilatory tactics also evidence his improper motivations and bad faith.  Sibley first removed this matter to the wrong federal court the day before the Goochland Circuit Court was scheduled to hear Plaintiffs' motion for a preliminary injunction against Sibley.  Sibley has now filed the present Motion, an Amended Notice of Removal, (Dkt. No. 13), a "First Notice of Vacation," (Dkt. No. 12)[6], and a Motion to Transfer the matter to the district court for the District of Maryland, (Dkt. No. 10) – all

---

[6] This Court recognized that Sibley's "First Notice of Vacation" has "no basis in the Federal Rules of Civil Procedure or the Local Rules."  (Dkt. No. 14 at 4 n.8.)

of which continue to delay Plaintiffs from seeking injunctive relief against Sibley.  Sibley has acted in bad faith and caused prejudice to Plaintiffs as Sibley's defamatory statements continue to be available to the public online.  *See The KMX Collective files Unfair Trade Complaints against CarMax with the Consumer Financial Protection Bureau and 37 State Attorney Generals*, ICROWDNEWSWIRE, http://icrowdnewswire.com/2016/06/13/kmx-collective-files-unfair-trade-complaints-carmax-consumer-financial-protection-bureau-37-state-attorney-generals/ (June 13, 2016).

Notably, although Sibley is proceeding *pro se* in this matter, he was previously barred in both New York and Florida.  Sibley was licensed in Florida since 1987 and spent his legal career practicing as a trial lawyer.  (*See* Ex. A at 1.)  But his Florida law license was suspended in 2008 for willfully failing to pay past due child support and pursuing "vexatious and meritless litigation."  (*See* Ex. B at 3–4; Ex. C.)  Based on his Florida suspension, Sibley's New York law license was also suspended in 2009.  (*See* Ex. D at 1–2.)  Due to his prior attorney status, Sibley should be held to a higher standard in this matter than other *pro se* litigants.  *See Frison v. Homes*, No. AW-04-350, 2004 U.S. Dist. LEXIS 31719, at *22 (D. Md. Oct. 29, 2004).

Sibley continues to be a vexatious litigant who is attempting to extort money from Plaintiffs and pursue meritless litigation.  His objectively unreasonable removal to this Court is part of a pattern of misconduct, and favors an award of fees and costs to Plaintiffs.  *See Fannie Mae*, 2013 U.S. Dist. LEXIS 143327, at *18.

## **CONCLUSION**

For the foregoing reasons, CarMax, Inc. and CarMax Auto Superstores, Inc. respectfully request that the Court (1) grant their Second Motion to Remand; (2) grant them an award of fees

11

and costs incurred as a result of the removal; and (3) grant any other such relief as may be appropriate.

Dated: August 10, 2016                    **CARMAX, INC. and**
                                          **CARMAX AUTO SUPERSTORES, INC.**

                                          By:  /s/ Alan D. Wingfield
                                          Alan D. Wingfield, Esq. (VSB # 27489)
                                          Julie D. Hoffmeister, Esq. (VSB # 87634)
                                          TROUTMAN SANDERS LLP
                                          1001 Haxall Point
                                          Richmond, VA 23219
                                          Telephone: (804) 697-1350
                                          Facsimile:  (804) 698-5172
                                          alan.wingfield@troutmansanders.com
                                          julie.hoffmeister@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send a Notice of Electronic Filing to all counsel of record.  I further certify that on the 10th day of August, 2016, I served a copy of the foregoing by electronic mail and regular U.S. Mail to the Defendant at the address listed below:

Montgomery Blair Sibley
402 King Farm Blvd.
Suite 125-145
Rockville, MD 20850
MontyBSibley@gmail.com

/s/    Alan D. Wingfield
Alan D. Wingfield, Esq. (VSB #  27489)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1350
Facsimile:  (804) 698-5172
alan.wingfield@troutmansanders.com

*Counsel for Plaintiffs*

28874786

13