IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CARMAX AUTO SUPERSTORES, INC.

and

CARMAX, INC.,

       Plaintiffs,

v.                                       Civil Action No. 3:16cv611

MONTGOMERY B. SIBLEY,

       Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on what amounts to two motions:  (1) *pro se*

Defendant Montgomery B. Sibley's "Opposition to Motion to Remand and Motion for

Jurisdictional Discovery" (Sibley's "First Motion for Jurisdictional Discovery"),[1] (ECF No. 15);

---

[1] Because the Court denied CarMax's First Motion to Remand as moot, (ECF No. 14), the Court need not evaluate Sibley's opposition to it. The Court will consider Sibley's filing only to the extent it requests jurisdictional discovery. That said, the Court finds the unorthodox manner in which Sibley presents his motions troubling. It is only in deference to his *pro se* status that the Court considers his motions for jurisdictional discovery.

    First, Sibley filed the First Motion for Jurisdictional Discovery in both this Court and the United States District Court for the District of Maryland; it has a caption for both cases he has pending in those federal courts. While no rule may specifically prohibit such a filing, no procedural rule unambiguously allows it, either. Such a "double filing" creates potential confusion. Two sets of opponents, perhaps with divergent agendas, must respond. While highly unlikely, such a "double filing" risks two judges ruling—perhaps differently—on an identical motion. More likely, and as became evident here, judges must rule on motions that pertain to another court's case, if only to say the motion relates to that other case. The practice wastes judicial resources.

    Second, much of Sibley's First Motion for Jurisdictional Discovery was re-filed amid arguments against remand, but nearly verbatim, within his Opposition to the Second Motion to Remand, (ECF No. 19). The Court will discuss later the upshot of Sibley's repeated violation of Eastern District Local Civil Rule 7(F), which requires a separate motion and memorandum. But it must also be said that such repetitive motions practice is unacceptable and improper regardless of whether a litigant—even a *pro se* litigant—follows procedural rules. Filing the same motion twice unquestionably runs counter to the efficient administration of justice.

and, (2) Plaintiffs CarMax Auto Superstores, Inc. and Carmax, Inc.'s (collectively, "CarMax")

Second Motion to Remand, (ECF No. 17).  CarMax responded to the First Motion for

Jurisdictional Discovery, (ECF No. 20), and Sibley has replied, (ECF No. 22).  Sibley responded

to the Second Motion to Remand, including in his Opposition a Second Motion for Jurisdictional

Discovery, (ECF No. 19), and CarMax has replied, (ECF No. 21).  The matters are ripe for

disposition.  The Court dispenses with oral argument because the materials before it adequately

present the facts and legal contentions, and argument would not aid the decisional process.[2]  For

the reasons that follow, the Court will deny both Motions for Jurisdictional Discovery, grant the

Second Motion to Remand, order CarMax to submit a motion, briefing, and an affidavit of fees

and costs as to sanctions, and require Sibley to show cause why this Court should not award

CarMax fees and costs incurred as a result of Sibley's removal.

### I.  Procedural and Factual Background

On June 29, 2016, CarMax served Sibley with a Complaint filed in Goochland Circuit

Court in Goochland, Virginia.  (ECF No. 1-1.)  On July 11, 2016, Sibley removed the case to the

Alexandria Division of the United States District Court for the Eastern District of Virginia.

(ECF No. 1.)  As the basis for subject matter jurisdiction, Sibley alleged that the Court had

diversity jurisdiction under 28 U.S.C. § 1332.[3]  On July 15, 2016, the Honorable Claude M.

Hilton, United States District Judge, transferred the case to the proper venue:  the Richmond

Division of the Eastern District of Virginia.

---

[2] This opinion renders moot CarMax's Motion for Oral Argument on Their Second
Motion to Remand, (ECF No. 24), as well as Sibley's request to appear telephonically, (ECF
No. 27).

[3] Section 1332 confers subject matter jurisdiction when the parties are diverse and the
amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

That same day, CarMax filed a Motion to Remand, (ECF No. 4), arguing that Sibley

failed to demonstrate any facts establishing the requisite amount in controversy.  On July 27,

2016, before responding to the Motion to Remand, Sibley submitted four filings to the Court:

(1) his "Verified Motion to Transfer to the District Court of Maryland and to Consolidate" (the

"Motion to Transfer"), (ECF No. 10); (2) his Motion to Enlarge Time to Respond to the Motion

to Remand of CarMax, (ECF No. 11); (3) his "First Notice of Vacation," notifying the Court he

intended to take a vacation, (ECF No. 12); and, (4) his Amended Notice of Removal, (ECF

No. 13).

In a Memorandum Order, this Court held that Sibley timely filed the Amended Notice of

Removal,[4] and, construing his filing liberally, determined that Sibley added new grounds for

removal.[5]  (ECF No. 14.)  The Court denied the Motion to Remand as moot.  The Court also

denied Sibley's Motion to Transfer without prejudice, reasoning that it would "not consider

arguments regarding venue until after it addresses any filings pertaining to its subject matter

jurisdiction, *i.e.,* a motion to remand in response to the Amended Notice of Removal."  (August

4, 2016 Memorandum Order 4.)  Noting that Sibley had failed to follow Local Civil Rule 7(F) by

filing both a motion and brief in support of his proposed amended removal, and seeing that no

---

[4] The Court concluded that Sibley filed his Amended Notice of Removal within the thirty-day removal period provided under 28 U.S.C. § 1446(b) and thus allowed him to freely amend as the law requires.  *See Muhlenbeck v. KI, LLC,* 304 F. Supp. 2d 797, 799 (E.D. Va. 2004) ("[D]uring that thirty-day removal period, a defendant seeking removal generally has the right to amend its removal petition . . . ."); *see also* 14C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3733 (4th ed. 2009) ("Prior to the expiration of the 30-day period for removal . . . the defendants may freely amend the notice of removal required by Section 1446(b).").

[5] The Court explained that "'[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.'"  (August 4, 2016 Memorandum Order 3 (quoting 28 U.S.C. § 1653).).  The Court did not decide whether Sibley's added allegations provided sufficient bases for subject matter jurisdiction.

basis in Local or the Federal Rules of Civil Procedure existed to undergird Sibley's "Notice of

Vacation," the Court warned Sibley as follows:

> **The Court has given Sibley appropriate deference to his status as a *pro se*
> litigant. However, any *pro se* litigant—including Sibley—must follow federal
> and local rules, and must adhere to applicable procedure. This is especially
> true when, as now, a litigant has received notice of a failure to follow rules
> and procedure. SIBLEY IS ADMONISHED THAT ANY FUTURE
> FAILURE TO COMPLY WITH THE LOCAL RULES OR THE FEDERAL
> RULES OF CIVIL PROCEDURE WILL RESULT IN APPROPRIATE
> CONSEQUENCES, INCLUDNG SANCTIONS.**

(*Id.* (emphasis in original).)

After the Court issued the August 4, 2016 Memorandum Order, Sibley filed a First

Motion Requesting Jurisdictional Discovery as part of his Opposition to CarMax's Motion to

Remand. (ECF No. 15.) CarMax responded, (ECF No. 20), and Sibley replied, (ECF No. 22).

Before the Motion Requesting Jurisdictional Discovery became ripe, CarMax filed the Second

Motion to Remand. (ECF No. 17.) Sibley opposed the motion, including within it what

amounted to a Second Motion for Jurisdictional Discovery, (ECF No. 19), and CarMax replied,

(ECF No. 21). CarMax then filed a Notice of Supplemental Authority, (ECF No. 23), which

attached the opinion of the Honorable Roger W. Titus, District Judge for the United States

District Court for the District of Maryland, in a case involving CarMax Auto Superstores, Inc.

and Sibley. *See Carmax Auto Superstores, Inc. v. Sibley*, No. 16cv1459, 2016 WL 6091174, at

*6–8 (D. Md. Oct. 14, 2016) (the "District of Maryland *Sibley* case").

## II.  The District of Maryland *Sibley* Case

The Court pauses to discuss the District of Maryland *Sibley* case because it overlaps to

some degree with this Eastern District of Virginia action. While CarMax claims defamation and

seeks an injunction here, both actions appear to arise from events that followed CarMax's

termination of Sibley's employment in May 2016. In Maryland, CarMax sought enforcement of

post-termination arbitration under the Dispute Resolution Agreement (including the class action

waiver and confidentiality provisions of the Dispute Resolution Rules and Procedures) that

Sibley signed when he obtained employment from CarMax.

In what will be a published decision, Judge Titus described Sibley as someone "trained

and previously licensed as an attorney, [who] was suspended from the practice of law by three

jurisdictions based on his pursuit of meritless and vexatious litigation [and who] has not been

reinstated by any of those jurisdictions."[6] *Sibley*, 2016 WL 6091174, at *1 (discussing earlier

opinion in which such findings were made).  The Court warned Sibley that it "would not tolerate

the type of vexatious and frivolous litigation that he had previously engaged in and which caused

the loss of his licenses to practice law."  *Id.* at *1.

After that warning, the District of Maryland determined every substantive issue contrary

to Sibley's position.  Judge Titus also denied two motions that actually pertained to this Eastern

District of Virginia case.[7]  CarMax sought sanctions.  Citing Sibley's baseless motions and

Sibley's duplicative presentation of previously rejected positions, Judge Titus ordered Sibley to

show cause why sanctions should not be entered against him.  *Id.* at *7-8.

_____

[6] CarMax filed documents before this Court establishing some of these same facts.

[7] Sibley asked the District of Maryland court to transfer the Eastern District of Virginia
case to the District of Maryland.  However, Sibley cited a statute that manifestly permits only
this Court the power to transfer the case to federal court in Maryland.  *Sibley*, 2016 WL 6091174,
at *6.  Sibley also sought leave from the District of Maryland to engage in jurisdictional
discovery.  That discovery motion, filed both in the District of Maryland and here (as ECF
No. 15) had nothing whatsoever to do with the District of Maryland *Sibley* case.  As noted above,
Judge Titus thus became obliged to address this entirely irrelevant "duplicate[]" motion.  *Id.*  The
District of Maryland court properly denied Sibley's motion as pertaining only to this Eastern
District of Virginia action.  *Id.*
The need for Judge Titus to consider motions relevant only to this Eastern District of
Virginia case constitutes an utter waste of judicial resources.  Sibley is therefore INSTRUCTED
that any future filing in this case MUST BE FILED ONLY IN THIS COURT.  ANY FAILURE
TO FOLLOW THIS INSTRUCTION WILL RESULT IN APPROPRIATE CONSEQUENCES,
INCLUDING SANCTIONS.

Procedural and substantive events in the District of Maryland *Sibley* case provide context

to the arguments presented by CarMax here.  In Virginia, CarMax seeks damages for, and an

injunction against, Sibley continuing to distribute what it calls a False Press Release via an

online newswire with widespread distribution.  CarMax contends that Sibley continues (or at

least engages in) a practice of vexatious litigation by displaying what CarMax calls "patent

gamesmanship" when he removed, without proper legal basis, the Goochland Circuit Court case

the day before that court was scheduled to hear its injunction motion.  CarMax maintains that

Sibley, despite his legal training, delayed matters even further by naming the wrong federal court

division.  This Court allowed Sibley to amend his notice of removal, deemed other pending

motions moot, and warned Sibley that any additional failure to follow Federal or Local Rules

could result in sanctions.  CarMax now seeks sanctions in addition to remand.

### III.  Analysis:  Motion for Jurisdictional Discovery

With that backdrop, the Court will first address Sibley's Motions for Jurisdictional

Discovery, in part because Sibley contends that additional discovery could impact the analysis of

CarMax's Second Motion for Remand.  Because Sibley had the opportunity to seek discovery in

Goochland Circuit Court, but instead removed this case in the absence of a basis for federal

subject matter jurisdiction, the Court will deny Sibley's Motions for Jurisdictional Discovery.

In his motions,[8] Sibley asks for "the opportunity to serve and receive on an expedited

basis 'Special Interrogatories on Jurisdictional Facts' requiring CarMax to specify whether it

---

[8] As noted above, Sibley places essentially identical requests for jurisdictional discovery before this Court.  (ECF Nos. 15, 19.)  In both documents, Sibley's "motion" for jurisdictional discovery appears on page five of the document.  Thus, regarding his discovery motions, any citation to a quote from one document pertains to the other, even pincites.

Sibley's Motions for Jurisdictional Discovery offend beyond their repetitive nature.  Contrary to this Court's August 8, 2016 admonition, Sibley improperly embeds both Motions for Jurisdictional Discovery within oppositions to motions brought by CarMax.  By failing to file a separate motion and brief in support, Sibley violates Local Civil Rule 7(F) for a second time in

intended to seek more than $75,000 in damages." (Mot. Jurisdictional Discovery 5.) Sibley

suggests that the thirty-day time period to file a Notice of Removal prohibited him from

obtaining any necessary discovery in the Goochland Circuit Court. Sibley maintains that that the

timetable to seek approval for discovery and then to "serve and receive answer [sic] to such

discovery would well exceed the 30 day time to file a Notice of Removal." (*Id.*) According to

Sibley, his "only practical recourse was to file that Notice [of Removal] and seek that agreed-as-

necessary-by-the-parties discovery in this Court." (*Id.*) Sibley is patently incorrect. Both the

removal statute and decisions interpreting it reject the arguments Sibley places before this Court.

First, as to the statute, 28 U.S.C. § 1446 plainly states that, "if [a] case stated by the initial

pleading is not removable, a notice of removal may be filed within thirty days after receipt by the

defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may

first be ascertained that the case is one which is or has become removable." 28 U.S.C.

§ 1446(b)(3). If the case "is not removable solely because the amount in controversy does not

exceed the amount specified in section 1332(a), *information relating to the amount in*

*controversy in the record of the [s]tate proceeding, or in responses to discovery, shall be treated*

*as an 'other paper' under subsection (b)(3)*." *Id.* § 1446(c)(3)(A) (emphasis added). The thirty-

day deadline provided under § 1446(b)(3) did not, as Sibley argues, provide removal and

discovery in federal court as the only recourse. Instead, pursuant to § 1446, Sibley could

conduct discovery in the *state* proceeding, including using "responses to discovery" to establish

the federal jurisdictional amount. *Id.* The removal statute, unambiguously, then grants Sibley

the same case. His Second Motion for Jurisdictional Discovery brazenly repeats the same error.
Despite his legal background, Sibley thereby commits two violations of Local Civil Rule 7(F)
*after this Court warned him not to do so in the future.* Even before the Court notes the feeble
arguments Sibley proffers in his quest for discovery, such blatant disregard for the governing
rules could, independently, constitute sanctionable conduct.

thirty days to present information—such as responses to discovery—from the Goochland Circuit Court case to the federal court.  The federal court must then treat that state court information "as an 'other paper'" when evaluating whether the $75,000 amount in controversy has been established. *Id.*

Second, as to case law, federal courts interpreting § 1446 confirm in crystal clear fashion that any discovery regarding the amount in controversy must transpire in state, not federal court. *See, e.g.*, *O'Brien v. Falcon Drilling Co. LLC*, No. 5:15cv13, 2015 WL 1588246, at *6 (N.D. W. Va. Apr. 9, 2015) ("[I]t is clear that [§ 1446(c)(3)(A)] is related to discovery that is taken in the state court, not discovery that is taken in the federal court after removal.").  Amounts must be determined at the state level because "[w]hen an action is removed from state court, the amount in controversy for jurisdictional purposes is determined at the time of removal." *Washington v. Wells Fargo Bank, N.A.*, No. 3:15cv741, 2016 WL 1572941, at *2 (E.D. Va. Apr. 18, 2016) (citing *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008)).  The Court will not disregard unambiguous statutory language, and well-reasoned case law applying it, by granting Sibley's improper request to permit post-removal discovery in this federal court.  To the extent both motions are properly before this Court, Sibley's Motions for Jurisdictional Discovery will be denied.

### IV.  Analysis:  Second Motion for Remand

Having rejected Sibley's Motions for Jurisdictional Discovery, the Court next considers CarMax's Second Motion for Remand.  Taking Sibley's arguments in turn, the Court concludes that Sibley cannot establish the requisite amount in controversy for diversity jurisdiction.  Nor does the case turn on a federal question.  Sibley's alternative bases for subject matter jurisdiction also flatly do not apply.  The Court therefore lacks subject matter jurisdiction and will grant the Second Motion to Remand.

A.      **Standard for Removal and Remand**

Under 28 U.S.C. § 1441(a),[9] a defendant may remove a civil action to a federal district

court if the plaintiff could have originally brought the action in federal court.  28 U.S.C.

§ 1441(a).  Section 1446 delineates the procedure for removal, including the requirement that the

defendant file a notice of removal in the district court and the state court.  *See* 28 U.S.C.

§§ 1446(a), (d).  The state court loses jurisdiction upon the removal of an action to federal court.

28 U.S.C. § 1446(d) ("[T]he State court shall proceed no further unless and until the case is

remanded.").

"The party seeking removal bears the initial burden of establishing federal jurisdiction."

*Abraham v. Cracker Barrel Old Country Store, Inc.*, No. 3:11cv182, 2011 WL 1790168, at *1

(E.D. Va. May 9, 2011) (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th

Cir. 1994)).  No presumption favoring the existence of federal subject matter jurisdiction exists

because federal courts have limited, not general, jurisdiction.  *Id.* (citing *Pinkley Inc. v. City of*

*Frederick*, 191 F.3d 394, 399 (4th Cir. 1999)).  Courts must construe removal jurisdiction

strictly.  *Id.* (citing *Mulcahey*, 29 F.3d at 151.)  "'If federal jurisdiction is doubtful, a remand is

necessary.'"  *Id.* (quoting *Mulcahey*, 29 F.3d at 151.)

---

[9] Section 1441(a) provides, in pertinent part:

[A]ny civil action brought in a State court of which the district courts of the
United States have original jurisdiction, may be removed by the defendant or the
defendants, to the district court of the United States for the district and division
embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Sibley's Amended Notice of removal cites four bases for subject matter jurisdiction in this case: (1) federal question jurisdiction under 28 U.S.C. § 1331;[10] (2) diversity jurisdiction under 28 U.S.C. § 1332;[11] (3) supplemental, pendent, and ancillary jurisdiction; and, (4) the mandatory retention doctrine. Only the first two bases merit serious consideration because Sibley's reliance on both supplemental jurisdiction and the mandatory retention doctrine is woefully inapt. As a result, the Court begins by examining removal under federal question jurisdiction and diversity jurisdiction.

### B.   No Federal Question Exists Conferring Federal Question Jurisdiction Over this Case

Federal question jurisdiction exists under 28 U.S.C. § 1331 if a plaintiff's claims arise "under the Constitution, laws, or treaties of the United States."[12] 28 U.S.C. § 1331. Here, federal law does not create the cause of action before the Court, and CarMax's right to relief

---

[10] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[11] Section 1332 provides, in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

    (1) citizens of different States . . . .

28 U.S.C. § 1332(a)(1).

[12] "The well-pleaded complaint rule has long governed whether a case 'arises under' federal law for the purposes of § 1331." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). Under the well-pleaded complaint rule, "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Campbell v. Hampton Roads Bankshares, Inc.*, No. 2:12cv567, 2013 WL 652427, at *2 (E.D. Va. Feb. 19, 2013) (citing *Venezuela v. Massimo Zanetti Beverage U.S.A., Inc.*, 525 F. Supp. 2d 781, 784 (E.D. Va. 2007)).

does not necessarily depend on the resolution of a substantial federal question. Accordingly, this Court lacks federal question jurisdiction over this case.

In the "vast majority" of cases, a cause of action "arises under" the law that creates it. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). Thus, the first step in a court's jurisdictional inquiry is to "discern whether federal or state law creates the cause of action." *Mulcahey*, 29 F.3d at 151. When it is apparent from the face of a plaintiff's complaint that federal law creates the cause of action, federal courts "unquestionably have federal subject matter jurisdiction." *Id.* If, however, state law creates the cause of action, federal question jurisdiction will lie only if "it 'appears from the [complaint] that the right to relief depends upon the construction or application of [federal law].'" *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) (quoting *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921)). This standard is met in only a "'special and small category' of cases."[13] *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).

CarMax's only claim charges defamation under Virginia law. Because damage to one's reputation does not implicate liberty or property interests under the United States Constitution, a plaintiff must generally seek redress for reputational damage via state tort law. *Breckenridge v. Albemarle Cty. Police Dep't.*, No. 7:07cv326, 2007 WL 2029305, at *2 (W.D. Va. July 10, 2007). Courts consistently recognize that a defamation lawsuit does not arise under federal law.

---

[13] Specifically, a right to relief depends upon the construction or application of federal law if "a federal issue is[:] (1) necessarily raised, (2) actually disputed, (3) substantial, and[,] (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 1065. For a claim to "necessarily raise[ ]" a federal issue, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10–11 (1983) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)).

*Id.* ("[D]efamation, libel, and slander are tort claims traditionally governed by state law.").

Thus, state law creates the cause of action at bar, and "federal question jurisdiction will lie only

if it appears from the [complaint] that the right to relief depends upon the construction or

application of [federal law]." *Fed. Nat. Mortg. Ass'n v. Young*, No. 2:12cv471, 2013 WL

5488513, at \*5 (E.D. Va. Aug. 12, 2013) (internal quotation marks omitted) (citing *Grable*, 545

U.S. at 313). Contrary to Sibley's stance, nothing in this case suggests relief dependent on the

construction or application of federal law.

      Sibley contends that federal question jurisdiction exists because CarMax's request "for an

injunction . . . seeks to impose [a] prior restraint upon Sibley's speech which imposes upon

CarMax a burden to justify the prior restraint." (Opp'n Second Mot. Remand 6.) According to

Sibley, "[t]his alleged First Amendment[14] violation is thus an element of the claim of CarMax

which is presumed invalid." (*Id.*) Sibley's assertion of federal question jurisdiction in the form

of a defense fails. *See Fed. Nat. Mortg. Ass'n*, 2013 WL 5488513, at \*5 ("'[A]ctions in which

defendants merely claim a substantive federal defense to a state-law claim do not raise a federal

question.'" (quoting *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006)).

"[W]hen determining whether a claim arises under federal law, the Court must examine

'allegations of the complaint and *ignore potential defenses*.'" *Id.* at \*5 (emphasis added)

(quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)). Accordingly, Sibley's First

Amendment defense does not confer subject matter jurisdiction on this Court.

---

    [14] "Congress shall make no law respecting an establishment of religion, or prohibiting
the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the
people peaceably to assemble, and to petition the Government for a redress of grievances." U.S.
Const. amend. I.

**C.     Sibley Cannot Demonstrate by a Preponderance of the Evidence that the
         Amount in Controversy Exceeds the Jurisdictional Minimum**

Both parties acknowledge that diversity of citizenship exists,[15] but the amount in

controversy also must exceed $75,000. 28 U.S.C. § 1332(a). The Court finds that Sibley has not

demonstrated by a preponderance of the evidence that the amount in controversy required by

§ 1332 has been satisfied in this case. Accordingly, this Court lacks federal diversity

jurisdiction.

The Court begins by examining the Complaint, which alleges no specific amount in

controversy. CarMax instead seeks preliminary and final injunctive relief to prevent Sibley from

continuing, allegedly, to defame it, as well as compensatory and punitive damages to be

determined at trial. Because "the complaint does not specify damages, '[Sibley] need only prove

by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional

minimum.'" *Lee v. Citimortgage, Inc.*, 739 F. Supp. 2d 940, 945 (E.D. Va. 2010) (quoting *LJT

& Assocs., Inc. v. Koochagian*, No. WDQ–09–2405, 2009 WL 4884525, at *3 (D. Md. Dec.

10, 2009)).[16]

Sibley, nonetheless, omits any evidence regarding the amount in controversy. He relies

only on bare assertions in his Amended Notice of Removal, such as: "it is clear that the matter in

controversy exceeds the sum or value of $75,000." (Am. Not. Removal ¶ 3.) When opposing

the Second Motion to Remand, Sibley contends, given CarMax's demand for punitive damages

---

[15] Federal diversity jurisdiction requires complete diversity of citizenship. *Abraham*, 2011 WL 1790168, at *2 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990)). "[T]he 'citizenship of each plaintiff [must be] diverse from the citizenship of each defendant.'" *Abraham*, 2011 WL 1790168, at *2 (second alteration in original) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

[16] On the other hand, "[w]hen a plaintiff claims damages less than $75,000, removal is proper only if the defendant can prove to a legal certainty that the plaintiff would . . . recover more than that if she prevailed." *Citimortgage, Inc.*, 739 F. Supp. 2d at 945 (internal quotation marks omitted) (citing *LJT & Assocs., Inc.*, 2009 WL 4884525, at *3).

13

and redress for substantial damages, "[c]ommon sense dictates that more than $75,000 is at

issue." (Opp'n to Second Motion to Remand 4.)  Such conclusory statements fail to establish the

amount in controversy.  Indeed, "'[m]ere allegations in the notice of removal are insufficient.'"

*Citimortgage, Inc.*, 739 F. Supp. 2d at 945 (quoting *LJT & Assocs.*, 2009 WL 4884525, at *3).

Instead, Sibley "must establish the amount in controversy with competent proof." *Id.* (internal

quotation marks omitted) (citing *LJT & Assocs.*, 2009 WL 4884525, at *3).  By failing to provide

any evidence, Sibley does not meet the "competent proof" threshold and fails to establish

diversity jurisdiction.

### D.  Sibley's Other Bases for Subject Matter Jurisdiction Fail Out of Hand

The Court also must reject Sibley's other bases for subject matter jurisdiction.  First,

Sibley alleges that the Court has "Supplemental, Pendent, and Ancillary Jurisdiction."  (Am.

Notice Removal ¶ 5.)  These theories of jurisdiction necessarily depend on the existence of a

federal claim and cannot stand on their own.  *See* 28 U.S.C. § 1367(a) ("[I]n any civil action *of*

*which the district courts have original jurisdiction*, the district courts shall have supplemental

jurisdiction over all other claims that are so related to claims in the action within such original

jurisdiction that they form part of the same case or controversy under Article III of the United

States Constitution." (emphasis added)); *see also ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d

376, 394 (4th Cir. 2012) ("With 28 U.S.C. § 1367, Congress largely codified the doctrine of

pendent jurisdiction (and the related doctrine of ancillary jurisdiction) as supplemental

jurisdiction.").  "Because there is no underlying federal claim to which [CarMax's defamation]

claim relates and no basis for this Court's exercise of diversity jurisdiction apparent from the

record, exercise of supplemental jurisdiction under § 1367 in support of removal would be

improper." *Fed. Nat. Mortg. Ass'n*, 2013 WL 5488513, at *6.  Sibley cannot invoke

supplemental, pendent, or ancillary jurisdiction as a basis for this Court's jurisdiction over

CarMax's stand-alone defamation claim.

Second, Sibley offers the "mandatory retention doctrine" as another basis for establishing

federal subject matter jurisdiction.  (Am. Not. Removal ¶ 6.)  The mandatory retention doctrine

appears to have been recognized by only two circuits—the United States Court of Appeals for

the Fifth Circuit and the United States Court of Appeals for the Ninth Circuit—and the United

States Court of Appeals for the Fourth Circuit has questioned its vitality.  *See Wood v. Crane*

*Co.*, 764 F.3d 316, 326 (4th Cir. 2014) ("The Ninth Circuit's approach, which mirrors that of the

Fifth Circuit, has been criticized as contrary to well-settled practice.").  However, even if the

mandatory retention doctrine applied in the Fourth Circuit, it would not provide a basis for

subject matter jurisdiction in this case.

The mandatory retention doctrine provides that "[o]nce a case has been *properly*

removed, the district court has jurisdiction over it on all grounds apparent from the complaint,

not just those cited in the removal notice." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975,

977 (9th Cir. 2006) (emphasis added).  In other words, even if the original basis for removal has

been destroyed, a federal court retains jurisdiction so long as an independent basis for federal

jurisdiction exists. *See id.*  By way of example, a court could retain jurisdiction over a case

removed for federal question jurisdiction even if the basis for federal question jurisdiction is

destroyed (*e.g.*, by an amended complaint), as long as an independent basis for subject matter

jurisdiction (such as diversity jurisdiction) exists.  That said, Sibley did not properly remove this

case to this Court, nor does a basis for subject matter jurisdiction exist now.  Even if the

mandatory retention doctrine were available in the Fourth Circuit, it would not confer on this

Court subject matter jurisdiction over CarMax's defamation claim.

Because Sibley cannot establish the requisite amount in controversy for diversity jurisdiction, because this case does not turn on a federal question, and because Sibley's other bases for subject matter jurisdiction do not apply, this Court lacks subject matter jurisdiction. The Court will grant CarMax's Second Motion to Remand.

## V.  CarMax's Request for Fees and Costs

Under 28 U.S.C. § 1447(c), when a Court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." CarMax seeks fees and costs because Sibley, an attorney whose license has been suspended for pursuing meritless and vexatious litigation "removed the matter the day before a state court hearing, to the wrong court, with deficient allegations."  (Mem. Supp. Second Mot. Remand 10.)

CarMax argues that on the eve of a preliminary injunction hearing before the Goochland Circuit Court, Sibley improperly removed this case to the Alexandria Division of the United States District Court for the Eastern District of Virginia.  CarMax notes that not only did Sibley remove the case to the wrong federal venue, but also that the case did not belong in federal court at all.  Indeed, this Court has found that CarMax did not plead an amount in controversy in the state court complaint, and Sibley provided no evidence demonstrating that the amount in controversy exceeded $75,000.

After CarMax requested that this case be remanded to the Goochland Circuit Court, Sibley did not concede procedural error.  Instead, Sibley added three grounds for removal, all of which the Court now has concluded fail to establish federal jurisdiction.  Sibley filed improper and meritless motions along the way, including his "First Notice of Vacation," (ECF No. 12), and two "motions" for jurisdictional discovery which he filed in violation of Local Civil Rule 7(F), (ECF Nos. 15, 19), despite previous unequivocal warning by this Court to file a motion and a memorandum in support when appropriate, (ECF No. 14).  Not only did these motions

contravene this Court's explicit warning, but they also failed to identify a viable basis for

discovery or removal.  Given the prevailing case law, Sibley's filings might be dubbed frivolous.

As an aside, this Court notes that Judge Titus determined that Sibley's litigative conduct

in the Maryland District Court could warrant the imposition of sanctions at bar.  *Carmax Auto*

*Superstores, Inc. v. Sibley*, No. 16cv1459, 2016 WL 6091174, at *7-8 (D. Md. Oct. 14, 2016).

While it will not consider Sibley's actions before a different court in deciding sanctions, the two

lawsuits interrelate, and what CarMax contends are dilatory tactics here include motions cross-

filed in both cases.  Sibley's status as a former lawyer, suspended in Florida and New York for

engaging in vexatious litigation, may allow this Court to consider, when weighing the imposition

of sanctions, whether he should be held to a higher standard than a typical *pro se* litigant.  *See*

*Frison v. Ryan Homes*, No. Civ A. AW-04-350 , 2004 WL 3327904, *8 (D. Md. Oct 29, 2004).

In any event, "[t]he 'fact that the removing party is a *pro se* litigant does not prevent the court

from imposing sanctions.'"  *Fed. Nat. Mortg. Ass'n*, 2013 WL 5488513, at *7 (quoting *Miller v.*

*Baker*, 5:09cv94, 2010 WL 3585423, at *1 (W.D. Va. Sept. 9, 2010)).  "In fact, courts often

require payment of attorneys' fees and costs from *pro se* defendants who effect removal with

improper motivations."  *Id.* (citing cases).

Accordingly, the Court will order that CarMax file, no later than January 16, 2017,  a

motion with appropriate citations, specifying whether it seeks fees and costs under 28 U.S.C.

§ 1447(c),[17] Federal Rule of Civil Procedure 11,[18] or 28 U.S.C. § 1927,[19] and articulating why

---

[17] Although the case will be remanded, the Court will retain jurisdiction over the
collateral issue of costs and attorneys' fees under § 1447(c) for improper removal.
*See Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005) (holding that a district court has jurisdiction
to resolve a motion for fees and costs under § 1447(c) after a remand order has been issued); *see
also Williamsburg Plantation, Inc. v. Bluegreen Corp.*, No. 4:06cv102, 2007 WL 445289, at *2
(E.D. Va. Feb. 5, 2007) (concluding that the court retained jurisdiction to consider attorneys'
fees under § 1447(c) following remand).  *But see United Broad. Corp. v. Miami Tele-Commc'ns,*

sanctions would be appropriate under any provision it invokes. Pursuant to *Robinson v. Equifax Info. Servs. LLC*, 560 F.3d 235 (4th Cir. 2009), CarMax shall also file an affidavit setting forth its attorneys' fees and expenses, organized by task, to assist the Court in determining the amount of a sanction, should one be appropriate. The Court separately reminds Sibley that, under *Chambers v. NASCO*, 501 U.S. 32 (1991), the Court also has inherent power to manage its own affairs, meaning it can "fashion an appropriate sanction for conduct which abuses the judicial process," *id.* at 44–45.

Further, the Court will direct Sibley to respond to CarMax's motion and affidavit, and to SHOW CAUSE, in writing, no later than January 30, 2017, why sanctions should not be entered against him for the reasons stated above.

---

*Inc.*, 140 F.R.D. 12, 14 (S.D. Fla. 1991) (holding that a court awarding costs and expenses under § 1447(c) must do so in the order of remand).

[18] Rule 11 requires a party when presenting a motion to certify that:

"[t]o the best of the person's knowledge information, and belief, formed anfter an inquiry reasonably under the circumstances," that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

Fed. R. Civ. P. 11(b).

[19] 28 U.S.C. § 1927 provides that:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expense, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C § 1927. "Section 1927 'was intended to sanction conduct Rule 11 does not reach; *i.e.,* protracting or multiplying the litigation to run up the oppos[ing] party's costs.'" *Sibley*, 2016 WL 6091174, at \*7 (quoting *Bakker v. Grutman*, 942 F.2d 236, 242 (4th Cir. 1991)).

## VI.  Conclusion

For the foregoing reasons, the Court will deny the Motions for Jurisdictional Discovery, (ECF Nos. 15, 19), grant the Second Motion to Remand, (ECF No. 17), and order further briefing on the propriety of sanctions.  Sibley's Motion to Proceed *in Forma Pauperis* will be denied as moot.  (ECF No. 2.)

The Court will order that CarMax file, no later than January 16, 2017, a motion and memorandum with  appropriate citations, specifying whether it seeks fees and costs under 28 U.S.C. § 1447(c), Federal Rule of Civil Procedure 11, or 28 U.S.C. § 1927.  CarMax shall articulate why sanctions would be appropriate under any provision it invokes.  Pursuant to *Robinson v. Equifax Info. Servs. LLC*, 560 F.3d 235 (4th Cir. 2009), CarMax shall also file an affidavit setting forth its attorneys' fees and expenses, organized by task, to assist the Court in determining the amount of a sanction, should one be appropriate**.**

The Court will direct Sibley to file a response to CarMax's motion and affidavit, and to SHOW CAUSE, in writing, no later than January 30, 2017, why sanctions should not be entered against him.

The Court will remand this case to the Circuit Court for the County of Goochland.  This case will remain open in this Court for the limited purpose of determining the collateral issue of sanctions.  An appropriate order will accompany this Memorandum Opinion.

/s/

M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 12/30/16

19