IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| CARMAX, INC., *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>MONTGOMERY BLAIR SIBLEY,<br>    *pro se* Defendant. | Civil No. 3:16cv611 (MHL) |

## REPORT AND RECOMMENDATION

This matter comes before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) on Plaintiffs CarMax, Inc. and CarMax Auto Superstores, Inc.'s (collectively, "Plaintiffs" or "CarMax") Motion for Attorneys' Fees and Costs (ECF No. 32), after United States District Judge M. Hannah Lauck referred the Motion to the undersigned for a Report and Recommendation. (ECF No. 36.) Having reviewed the parties' submissions, and finding good cause, the Court recommends that Plaintiffs' Motion for Attorneys' Fees and Costs (ECF No. 32) be GRANTED and that Plaintiffs be awarded $18,681.50 for fees incurred as a result of Defendant Montgomery Blair Sibley's ("Defendant") improper removal of this case.

### I.    BACKGROUND[1]

On June 28, 2016, CarMax filed a complaint in the Goochland County Circuit Court against Defendant, a former CarMax employee, asserting one defamation claim under Virginia law. (Not. Removal (ECF No. 1), Attach. 1 ("Compl.") at 2-4, 9; Pls.' Br. in Supp. of Mot. for

---

[1] The District Court provided a detailed summary of the procedural history of this case in its Memorandum Opinion dated December 30, 2016. (("Mem. Op.") ECF No. 30 at 2-4.) The Court now recounts only the background necessary to decide Plaintiffs' Motion for Attorneys' Fees and Costs.

Atty's' Fees and Costs ("Pls.' Br.") (ECF No. 33) at 1.) On July 11, 2016, one day before the Goochland Circuit Court had scheduled a hearing for CarMax's motion for preliminary injunction, Defendant removed the case to the Alexandria Division of the District Court for the Eastern District of Virginia. (Not. Removal; Pls. Br. at 2.) Two days later, United States District Judge Claude M. Hilton transferred the matter *sua sponte* to this Court, in the Richmond Division of the Eastern District of Virginia, because Goochland County lies within this Division. (ECF No. 3.)

In this Court, on July 27, 2016, Defendant filed his Amended Notice of Removal (ECF No. 13), as well as a motion to transfer this case to the District Court of Maryland (ECF No. 10), a motion to enlarge time to respond to CarMax's first motion to remand (ECF No.11), and a "First Notice of Vacation" (ECF No. 12). The District Court allowed Defendant to amend his notice of removal, denied his motions to transfer and for an extension of time, and denied Plaintiffs' first motion to remand as moot. (("Mem. Order") ECF No. 14.) The Court further admonished Defendant that his continued failure to comply with the Local Rules or the Federal Rules of Civil Procedure would result in sanctions. (Mem. Order at 4.)

On August 10, 2016, CarMax filed its Second Motion to Remand for lack of subject matter jurisdiction. (ECF No. 17.) Defendant responded in opposition on August 17, 2016. (("Def.'s Opp'n") ECF No. 19.) Improperly embedded in that same brief, as he had done in response to the first motion to remand, Defendant moved for jurisdictional discovery to determine the amount in controversy for purposes of attempting to establish diversity jurisdiction. (Def.'s Opp'n at 5.) The parties fully briefed the Second Motion for Remand and Defendant's motions for jurisdictional discovery, and the Court rendered its decision on December 30, 2016, *inter alia*, denying Defendant's discovery motions and remanding the case

to the Goochland Circuit Court. (ECF Nos. 30-31.) The Court further ordered CarMax to brief whether and to what extent it sought an award for its fees and costs, and ordered Defendant to respond and show cause why the Court should not enter sanctions against him. The parties have fully briefed those issues, rendering Plaintiffs' Motion to Attorneys' Fees and Costs now ripe for review.

## II. LEGAL STANDARD

"The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Thus, when a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, *incurred as a result of the removal.*" 28 U.S.C. § 1447(c) (emphasis added); *see also LaFountain v. Paul Benton Motors of N.C., LLC*, No. 7:09cv212, 2010 WL 4457057, at *2 (E.D.N.C. Nov. 5, 2010) (additional citation omitted) (citing *Avitts v. Amoco Prod. Co.*, 111, F.3d 30, 32 (5th Cir. 1997)) (awarding fees for hours spent litigating removal but not for other issues that parties "would have [had] to litigate . . . whether in [federal] court or in state court."). District courts enjoy discretion when deciding whether to award fees under § 1447(c). *Martin*, 546 U.S. at 136. However, absent unusual circumstances, a remanding court may only award attorneys' fees "where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. In other words, a court's decision to award fees "turns on the reasonableness of the removal." *Branch Banking & Trust, Co. v. Lochner*, No. 1:09cv407, 2009 WL 1617955, at *3 (E.D. Va. 2009) (citing *Martin*, 546 U.S. at 141). If a court determines that no objectively reasonable basis for removal existed, it then decides the amount of the award.

3

Courts assess the amount of the fee award using a reasonableness standard. *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). In calculating the award, "a court must first determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (additional citation omitted)). The Court may then increase or decrease that figure based upon twelve factors used to determine reasonable attorneys' fees. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (adopted by the Fourth Circuit in *Barber*, 577 F.2d at 226).[2] Of course, some of the *Johnson* factors may have nothing to add in a given case, but the Court should consider those that apply. *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 244 (4th Cir. 2010). In considering these factors, the Court gives the most weight to the results obtained. *Robinson*, 560 F.3d at 244; *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (noting that a district court may decide to adjust a fee upward or downward depending on the "important factor of the 'results obtained.'").

### III. APPLICATION

Plaintiffs seek an award of $18,829.00 in attorneys' fees pursuant to 28 U.S.C. § 1447(c).[3] (Pls.' Br. at 6.) In support of their request, Plaintiffs argue that Defendant lacked any objectively reasonable basis for removal and instead relied only on bare assertions and

---

[2] The *Johnson* factors include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity cost in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Johnson*, 488 F.2d at 717-19.

[3] Although the Court ordered Plaintiffs to specify whether they seek costs and fees under 28 U.S.C. § 1447(c), Fed. R. Civ. P. 11 or 28 U.S.C. § 1927, Plaintiffs only request an award for

4

conclusory statements. (Pls.' Br. at 3-4.) Plaintiffs note that this suit brings only a state law claim of defamation against Defendant, and that his opportunity to conduct discovery into the amount in controversy existed in state court, *before* Defendant filed for removal. (Pls.' Br. at 4-5.) Defendant responds, conceding this Court's discretion to award attorneys' fees after an improper removal, but urging the Court not to exercise that discretion.[4] (Def.'s Resp. to Order to Show Cause ("Def.'s Resp.") (ECF No. 34) at 5.) He cites no authority supporting his position, instead recounting that he has appealed CarMax Auto Superstores, Inc.'s post-employment arbitration dispute against him in the District Court of Maryland (the "Maryland Case") to the Fourth Circuit, and that he intends to challenge Virginia's personal jurisdiction over him in this underlying suit in Goochland Circuit Court. (Def.'s Resp. at 5-6.) The Court first addresses whether Defendant had an objectively reasonable basis for removing this case.

## A. Defendant Lacked An Objectively Reasonable Basis for Removal.

Defendant attempted to establish this Court's subject matter jurisdiction under at least four different theories. (Am. Not. Removal (ECF No. 13) at 1-2 (diversity jurisdiction pursuant to 28 U.S.C. § 1332; federal question jurisdiction pursuant to 28 U.S.C. § 1331; "Supplemental, Pendent and Ancillary Jurisdiction" pursuant to 28 U.S.C. § 1367; and the "mandatory retention doctrine.") The District Court rejected each in turn, explaining why each alleged jurisdictional basis failed. (Mem. Op. (ECF No. 30) at 8-16.)

---

fees under § 1447(c). (Pls.' Reply Br. in Supp. of Mot. for Att'y's Fees and Costs ("Pls.' Reply") (ECF No. 35) at 2 n.1.) Plaintiffs do not itemize or seek an award for costs under any provision.

[4] Defendant's oppositional brief is largely unresponsive to Plaintiffs' motion for attorneys' fees and the Court's Order (ECF No. 30) to show cause why the Court should not enter sanctions against him. Instead, he cites to public opinion polls as well as other court and administrative proceedings which are wholly unrelated to whether he had an objectively reasonable basis for removal in this case. (Def.'s Resp. at 5-6.) The Court will focus on the responsive components of Defendant's brief.

5

Regarding federal question jurisdiction, the Court found that "nothing in this case suggests relief dependent on the construction or application of federal law." (Mem. Op. at 12.) Regarding diversity jurisdiction, the Court found that though diversity of citizenship exists, Defendant "omit[ted] any evidence regarding the amount in controversy." (Mem. Op. at 13.) The remaining jurisdictional bases asserted by Defendant failed on their face. (Mem. Op. at 14-16 (rejecting "Supplemental, Pendent, and Ancillary Jurisdiction" as theories which "cannot stand on their own" and rejecting the "mandatory retention doctrine" as (1) not adopted by the Fourth Circuit and (2) requiring *proper* removal to invoke).)

Defendant, as the removing party, bore the burden of showing the basis for federal jurisdiction. *Caufield v. EMC Mortg. Corp.*, 803 F. Supp. 2d 519, 529 (S.D.W.Va. 2011) (citing *Strawn v. AT&T Mobility, LLC*, 530 F.2d 293, 298 (4th Cir. 2008)). He failed to meet that burden, and his Amended Notice of Removal makes clear that he lacked any objectively reasonable basis for removal. In asserting diversity jurisdiction, Defendant made the bald assertion that the amount in controversy "clear[ly]" exceeds $75,000, exclusive of interest and costs. (Am. Not. Removal ¶ 3.) He offered no fact or shred of evidence to support his position. Mere speculation falls far short of establishing the amount in controversy and, thus, a reasonable basis for removal. *Caufield*, 803 F.Supp.2d at 529. Defendant's assertion of federal question jurisdiction rested solely on a claimed federal defense. (Am. Not. Removal ¶ 4.) Yet, the well pleaded complaint rule for determining federal question jurisdiction unequivocally considers the "allegations of the complaint and ignore[s] potential defenses." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). If possible, Defendant's remaining alleged bases for jurisdiction contained even less support. He no more than proclaimed that the Court "has Supplemental, Pendent and Ancillary Jurisdiction" (Am. Not. Removal ¶ 5), and his assertion of the "mandatory

retention doctrine" explicitly contemplated that this case "meets the requirements of [some other] ground of subject matter jurisdiction" (Am. Not. Removal ¶ 6) — which it does not. (Mem. Op. at 15-16.)

Given Defendant's bare assertions of subject matter jurisdiction, and the utter void of support offered to support his position, the Court finds that he lacked an objectively reasonable basis for removal of this action from state court. Thus, the Court may award Plaintiffs their reasonable attorneys' fees incurred from the improper removal. The Court now turns to the reasonableness of the fees sought by Plaintiffs.

**B. Plaintiffs' Attorneys' Fees are Reasonable With Two Exceptions.**

In support of their motion, Plaintiffs provide the declaration of lead counsel, Alan D. Wingfield, and a detailed accounting of the hours expended, amounts billed and work performed by Mr. Wingfield and Julie D. Hoffmeister after Defendant removed this case on July 11, 2016.[5] (Pls.' Br., Decl. of Alan D. Wingfield ("Wingfield Decl.") (ECF No. 33-1); Ex. 1 to Wingfield Decl. ("Billing Entries").) In response, Defendant does not contest the hourly rates of either attorney or the number of hours billed by Mr. Wingfield. (Def.'s Resp. at 2.) He only contests the number of hours billed by Ms. Hoffmeister "given the relatively few pleading [sic] filed in this federal case." (Def.'s Resp. at 2.) In reply, Plaintiffs state that Ms. Hoffmeister had the primary research and drafting responsibilities in this case, and that Defendant's "various frivolous pleadings" required Plaintiffs to respond. (Pls.' Reply at 2-3.)

The Court finds Mr. Wingfield's rate and hours expended and Ms. Hoffmeister's rate reasonable and well-supported, given their experience and the successful results they obtained

---

[5] Plaintiffs seek an award of $18,829 for fees based on the following: 8.6 hours expended by Mr. Wingfield at a rate of $440 per hour, for a lodestar figure of $3,784; 51 hours expended by Ms. Hoffmeister at a rate of $295 per hour, for a lodestar figure of $15,045. (Pls.' Br. at 6; Wingfield Decl. ¶ 13; Billing Entries at 12.)

for their clients on the second motion to remand. Because Defendant challenges the reasonableness of Ms. Hoffmeister's hours, the Court now examines them.

The Billing Entries include 51 hours that Ms. Hoffmeister spent on this case from July 11, 2016, through January 16, 2017. The Court has reviewed the entries in detail, and finds all but two reasonable in light of her experience, the questions raised, and the results obtained in this case. Based on that review, the Court categorizes Ms. Hoffmeister's hours as follows: 10.7 hours of research; 35.6 hours drafting, revising or finalizing various pleadings and correspondence; 2.9 hours reviewing or analyzing pleadings and other documents; 0.1 hours investigating; and 0.4 hours corresponding with the Court. (Billing Entries.) Through this work, Ms. Hoffmeister prepared Plaintiffs' first and second motions to remand, corporate disclosure statements (required under Fed. R. Civ. P. 7.1 and Local R. 7.1), motion for oral argument and two reply briefs. (Billing Entries at 1-3, 10-11.) She also prepared Plaintiffs' responses to Defendant's motions to extend time, to transfer venue and for jurisdictional discovery as well as his motion to consolidate this case with the Maryland Case. (Billing Entries 4-6, 8-9.) Each of these filings stems from or relates to Defendant's decision to remove this case.

The Court finds that two of Ms. Hoffmeister's entries, however, do not warrant an award of fees. Section 1447(c) allows the Court to award fees that Plaintiffs "incurred as a result of removal." But, the removal statute does not contemplate including ordinary litigation expenses that plaintiffs would incur whether in federal or state court. *LaFountain*, 2010 WL 4457057, at *2 (citing *Avitts*, 111, F.3d at 32) (refusing to award fees for preparing a response to a motion to dismiss).

On July 13, 2016, Ms. Hoffmeister reviewed and analyzed Sibley's suspension records from two state bars, resulting in $88.50 billed to Plaintiffs. (Billing Entries at 2.) Defendant's

8

previous status as an attorney bears no more weight in federal court than it would in state court. This review and analysis did not result from the removal. Next, on January 4, 2017, Ms. Hoffmeister reviewed and analyzed the status of the Maryland Case against Sibley, resulting in $59.00 billed to Plaintiffs. (Billing Entries at 11.) By then, Plaintiffs had already notified this Court of the resolution of the Maryland Case (ECF No. 23), and prevailed on the second motion to remand. (ECF No. 31.) Plaintiffs would have incurred those fees regardless of the removal. Because Plaintiffs did not incur those two billing entries (totaling $147.50) "as a result of the removal," the Court subtracts them from the lodestar figure. Consequently, the Court calculates the amount of reasonable attorneys' fees as $18,681.50 resulting from Defendant's improper removal of this case without any objectively reasonable basis.

## IV. CONCLUSION

For the reasons set forth above, the Court recommends that Plaintiffs' Motion for Attorneys' Fees (ECF No. 32) be GRANTED, and Plaintiffs be awarded reasonable attorneys' fees in the amount of $18,681.50.

Let the clerk forward a copy of this Report and Recommendation to United States District Judge M. Hannah Lauck, to *pro se* Defendant at his address of record and to all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure**

shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.

/s/
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Date: April 17, 2017